IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XIY QING LIN, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | NO. 07-5329 |
| v. | : | |
| MICHAEL CHERTOFF, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

Jones, J.                                                                                                   August 26, 2009

Before the Court is Defendants Michael Chertoff, Julie L. Myers, and Thomas Decker's Motion to Dismiss (Doc. No. 16), Plaintiffs' Response in Opposition thereto (Doc. No. 19), and Defendants' Reply (Doc. No. 20). For the reasons that follow, Defendants' Motion to Dismiss will be granted.

**I.      Factual Background and Procedural History**

The Court recites the facts as stated in Plaintiffs' Complaint, except where otherwise noted.

  A.    Zheng's Immigration Case

Plaintiffs in this action are Xiu Qing Lin and her husband Jin Xiong Zheng. (Am. Compl. ¶ 1.) Both Plaintiffs were born in China. (Am. Compl. ¶ 11.) They were married on March 3, 2004, in Philadelphia, Pennsylvania. (Am. Compl. ¶ 11.) Lin became a naturalized U.S. citizen on July 1, 2005. (Am. Compl. ¶ 12.) Plaintiffs have two daughters who were born in the United

States in 2005 and 2006, respectively, and at the time she filed the original Complaint in this matter, Lin was three months pregnant.  (Am. Compl. ¶ 13.  See also Compl. ¶ 13.)

Zheng entered the U.S. on February 25, 2001, without being admitted or paroled after inspection by an Immigration Officer.  (Am. Compl. ¶ 14.)  On that date, he was given a Notice to Appear, which commenced removal proceedings.  (Am. Compl. ¶ 14.)  Zheng filed an Application for Asylum and for Withholding of Removal ("Asylum Application") on April 17, 2003.  (Am. Compl. ¶ 15.)  Venue for the Asylum Application was changed to Philadelphia on March 17, 2004.  (Am. Compl. ¶ 15.)

On March 9, 2005, Lin filed an I-130 Petition for Alien Relative ("Immigration Petition") on behalf of Zheng.  (Am. Compl. ¶ 16.)  The Immigration Petition was approved on June 3, 2005.  (Am. Compl. ¶ 16.)  On January 25, 2006, an immigration judge pre-termitted the Asylum Application and denied on the merits Zheng's application for withholding of removal.  (Am. Compl. ¶ 18.)

On July 31, 2005, Zheng filed an I-485 Application to Register Permanent Residence or Adjust Status ("Adjustment Application").  (Am. Compl. ¶ 17.)  Based on his Adjustment Application, Zheng was granted an interview that was to be held on April 6, 2006.  (Am. Compl. ¶ 19.)

Zheng appealed the denial of his Asylum Application with the Board of Immigration Appeals ("BIA").  (Am. Compl. ¶ 18.)  During the pendency of the appeal, he filed a Motion to Remand based on the scheduled I-485 interview.  (Am. Compl. ¶ 18.)  On July 6, 2007, the BIA denied the remand motion and the appeal.  (Am. Compl. ¶ 18.)

On August 3, 2007, Zheng filed a Petition for Review and Motion for Stay of Removal

with the United States Court of Appeals for the Third Circuit. (Am. Compl. ¶ 20.) On November 5, 2007, the Honorable Dolores Sloviter denied Zheng's Motion for Stay of Removal, holding that Zheng had not shown a likelihood of success on the merits of his Petition for Review. (Am. Compl. ¶ 21.) On that date, Zheng became subject to an outstanding order of removal.

  B.  The Events of December 8, 2007

At 6:00 a.m. on December 8, 2007, three uniformed Immigration and Customs Enforcement ("ICE") agents arrived at Plaintiffs' home and banged on the door. (Am. Compl. ¶ 23; Am. Compl., Ex. A, Affidavit of Xiu Qing Lin ("Lin Aff.") ¶ 10.) Zheng woke up and unlocked the door. (Lin Aff. ¶ 10.) The agents barged through the door, pushed Zheng up against the wall, and immediately handcuffed him. (Am. Compl. ¶ 23; Lin Aff. ¶ 10.) The agents then conducted a warrantless search of every room on the second floor of the home. (Am. Compl. ¶¶ 24-26, 29.) During the search, the agents ordered Lin to open a safe in Plaintiffs' bedroom and seized Zheng's two Chinese passports found therein. (Am. Compl. ¶¶ 26-28; Lin Aff. ¶ 13.) The agent arrested Zheng, without a warrant, and took him to York County Correctional Facility, where he was placed under ICE custody. (Am. Compl. ¶ 28; Lin Aff. ¶ 15.) The agents did not show any identification to Plaintiffs, and they conducted these activities in a threatening manner that was frightening to Plaintiffs. (Am. Compl. ¶ 29; Lin Aff. ¶¶ 15-16.) Lin has been told by other people in the Chinese community that their relatives were taken into custody under similar circumstances. (Lin Aff. ¶ 18.)

  C.  The Instant Action

On December 19, 2007, Plaintiffs filed their original Complaint in this matter, titled

"Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief (TRO) and Bivens Action." (Doc. No. 1.)  Plaintiffs named three Defendants in the original Complaint: Michael Chertoff, Secretary of Department of Homeland Security ("DHS"); Julie L. Meyers, Assistant Secretary of DHS in charge of Immigration; and Thomas Decker, Philadelphia Field Office Director of ICE.  Plaintiffs sought a temporary restraining order that would mandate Defendants to transfer custody of Zheng's passport to the United States Marshal for this judicial district and compel Defendants to release Zheng to the Intensive Supervision Appearance Program ("ISAP") in Philadelphia for the duration of the instant lawsuit, thereby preventing Zheng's removal to China.  (Compl. ¶¶ 8-9, 11-12.)  In a telephone conference on December 19, 2007, the Honorable Mary A. McLaughlin, who previously presided over this matter, denied Plaintiffs' petition for a TRO.  (See Order, Dec. 21, 2007 (Doc. No. 4) at 2.)  On December 21, 2007, Plaintiffs sent a letter request to the court, seeking reconsideration of the December 19, 2007, Order.  (Doc. No. 5.)  Judge McLaughlin denied that request, writing that "it would be inappropriate to become involved in halting a deportation when the United States Court of Appeals for the Third Circuit has denied a stay of Mr. Zheng's removal pending its own adjudication of his appeal." (Order, Dec. 21, 2007, at 2.)  Judge McLaughlin also noted that, even if ICE violated the Fourth Amendment as alleged, the"body" of a respondent in a civil proceeding is never itself suppressible as a fruit of an unlawful arrest, and the exclusionary rule generally does not apply to civil deportation proceedings.  (Order, Dec. 21, 2007, at 2-2 (citing INS v. Lopez-Mendoza, 468 U.S. 1032 (1984)).)  Shortly thereafter, Zheng was returned to China pursuant to a valid removal order.  (See Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") 3.)

On January 28, 2008, Petitioners filed an Amended Complaint, titled "Petition for Writ of Mandamus and First Amended Complaint for Declaratory and Injunctive Relief (TRO) and Bivens Action." (Doc. No. 6.) The Amended Complaint listed the three original defendants, who were sued in their official capacities. The Amended Complaint also named "Three Unidentified ICE Agents" from the Philadelphia office as additional defendants. (Am. Compl. ¶¶ 2-5.) The Amended Complaint does not specify whether the Three Unidentified ICE Agents were sued in their individual or official capacities.

Plaintiffs' Amended Complaint contained four claims: 1) Unreasonable Search and Seizures in Violation of the Fourth Amendment, 2) Violation of Fifth Amendment Right to Due Process and Fourteenth Amendment Right to Equal Protection, 3) Violation of the Administrative Procedure Act; and 4) a <u>Bivens</u> Claim alleging various torts.

On July 29, 2008, Defendants Chertoff, Myers and Decker ("the Moving Defendants") filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 16.) The three unidentified ICE agents have not been served and are not represented by the United States Attorney at this time. On September 15, 2008, Plaintiffs filed a response to the Motion to Dismiss. (Doc. No. 19.) On September 23, 2008, the Moving Defendants filed a Reply. (Doc. No. 20.)

On November 13, 2008, this matter was reassigned to my docket from the docket of Judge McLaughlin.

**II.    Standard of Review**

    A.    <u>Rule 12(b)(6)</u>

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), "it is no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of the proscribed conduct." Phillips, 515 F.3d at 233 (quoting Twombly, 550 U.S. at 563 n.8) (internal quotation and alteration omitted). To withstand a motion to dismiss under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level." Phillips at 234 (quoting Twombly, 550 U.S. at 555) (alternation omitted). Thus, stating a claim "requires a complaint with enough factual matter (taken as true) to suggest the required element." Id. (quoting Twombly, 550 U.S. at 556) (internal quotation omitted).

    B.    Rule 12(b)(1)

A challenge to subject-matter jurisdiction under Rule 12(b)(1) may take two forms: a facial challenge or a factual challenge. In this case, the Moving Defendants bring a facial challenge. Therefore, the Court is restricted to a review of the allegations of the complaint and any documents referenced therein. Gould Elec. Inc. v. United States, 220 F.3d 169, 177 (3d Cir. 2000.) Further, "the trial court must consider the allegations of the complaint as true." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

**III.    Discussion**

    **A.    Plaintiffs' Petition for a Temporary Restraining Order Has Previously Been Decided and, to the Extent that it is Still Pending, is Moot**

The Court observes that many of the paragraphs in the Amended Complaint were taken verbatim from the original Complaint, despite that the facts had changed.  Most notably, the Amended Complaint alleges that Zheng is in custody at York County Correctional Facility, although Defendants have represented to the Court that Zheng had been deported before the Amended Complaint was filed.  It is not clear to the Court whether Plaintiffs sought to renew their petition for a temporary restraining order.  However, to the extent that the petition for a temporary restraining order that was asserted in Plaintiffs' Amended Complaint, is still pending it will be denied for the reasons stated in Judge McLaughlin's December 21, 2007, Order. Furthermore, the relief Plaintiffs' seek is moot because Zheng has been removed from the United Stated.

**B.      Plaintiffs Lack Standing to Seek Injunctive and Declaratory Relief**

Plaintiffs seek a preliminary injunction prohibiting the Defendants and their agents from doing the following:

     i.    conducting a warrantless entry into the home of a U.S. citizen co-habitated by an alien under a Final Order of Removal;

     ii.    conducting a warrantless search of the home of a U.S. citizen co-habitated by an alien under a Final Order of Removal;

     iii.    conducting a warrantless seizure, albeit temporary, of a U.S. citizen during a warrantless search of the home of a U.S. citizen co-habitated by an alien under a Final Order of Removal;

     iv.    conducting a warrantless seizure of any possessions, including a passport, of an alien under a Final Order of Removal co-habitating with a U.S. citizen;

     v.    threatening, harassing and invading the privacy of a U.S. citizen during a warrantless entry, search, and seizure of the U.S. citizen's home co-habited by an alien under a Final Order of Removal;

      vi.      utilizing Zheng's passports to effectuate his removal to China during the pendency of the instant litigation; and

      vii.     removing Zheng from the United States during the pendency of the instant litigation.

(Am. Compl. ¶¶ 10-12.)  Plaintiffs also seek a variety of declaratory judgments related to the alleged constitutional violations and the alleged violations of the Administrative Procedures Act. (Am. Compl. 10-11.)

     The Court will deny all the injunctive and declaratory relief that Plaintiffs seek.  As to Zheng and his passports, there is no risk of prospective harm because Zheng has already been removed from the United States.  As to the alleged threatening behavior and warrantless entries, searches, and seizures in Lin's home, Lin lacks standing to seek equitable relief because she cannot credibly allege that she faces a realistic threat of repeat injury.

     A plaintiff seeking injunctive relief must prove not only an injury, but also a "threat of irreparable harm such that legal remedies are rendered inadequate.  To show irreparable harm, the party seeking injunctive relief must at least demonstrate 'that there exists some cognizable danger of recurrent violation' of its legal rights."  Anderson v. Davila, 125 F.3d 148, 163-64 (3d Cir. 1997) (quoting United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953)); Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)).  In Los Angeles v. Lyons, the United States Supreme Court held that a plaintiff lacked standing to seek an injunction against the enforcement of a police chokehold policy because he could not credibly allege that he faced a realistic threat from the policy.  461 U.S. 95, 105-10 (1983).  The Supreme Court has also stated that "[i]njunctive or declaratory relief is useless to a person who has already been injured."  Butz v. Economou, 438 U.S. 478, 504 (1978).

Lin's past encounter with ICE agents is insufficient to afford her standing to seek equitable relief. See id. at 105 (holding that the plaintiff's alleged prior injury may afford standing to claim damages but does not establish a "real and immediate threat" of repeat injury). Lin does not allege that any alien continues to co-habitate with her since Zheng has been removed from this country. Therefore, she has no realistic threat of being subject to an illegal search, seizure, or invasion of privacy due to the presence of an alien under a Final Order of Removal in her home. Id. at 107 n.8 ("It is the reality of the threat of repeated injury that is relevant to the standing inquiry. . . ."); id. at 111 (stating that a "likelihood of substantial and immediate irreparable injury" is a "prerequisite of equitable relief"). The Court will dismiss Plaintiffs' claims for injunctive and declaratory relief against all Defendants for lack of standing.[1]

### D. Plaintiffs' Petition for Writs of Mandamus is Moot

Plaintiffs seek writs of mandamus pursuant to 28 U.S.C. § 1361, compelling Defendants and their agents 1) to transfer custody of Zheng's passport to the United States Marshal and 2) to release Zheng to the Intensive Supervision Appearance Program in Philadelphia during the

---

[1] Plaintiffs assert that they have standing to pursue equitable relief under the Administrative Procedure Act ("APA"). Section 702 of the APA abrogates sovereign immunity for defendants sued under the APA and permits individuals who have been aggrieved by "agency action" to seek equitable relief in the federal courts. 5 U.S.C. § 702. Therefore, in some cases, district courts have jurisdiction under 28 U.S.C. § 1331 and Section 704 of the APA to review unconstitutional agency actions. See, e.g., Pinho v. Gonzales, 432 F.3d 193, 200 (3d Cir. 2005) (holding that the district court had jurisdiction to review the ICE Administrative Appeals Office's determination of a plaintiff's statutory eligibility for adjustment of immigration status). However, because some of the equitable relief Plaintiffs seek is moot and because Plaintiffs cannot show a risk of future harm without the remainder of the equitable relief they seek, this Court lacks standing to grant equitable relief pursuant to the APA.

pendency of the instant litigation.² (Am. Compl. 10-11.) The Court will deny Plaintiffs' petition for writs of mandamus because the relief Plaintiffs seek is moot.

### E. Plaintiffs' Bivens Claims for Monetary Damages Against Chertoff, Myers, and Decker

Plaintiffs seek monetary damages for their Bivens claim against the Moving Defendants for invasion of privacy, intentional infliction of emotional distress, and negligent supervision and for the alleged violations of their rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution. (Am. Compl. 12.) See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

#### 1. The Suits Against the Moving Defendants Sued in Their Official Capacities Will Be Dismissed

Plaintiffs have sued Defendants Chertoff, Myers, and Decker in their official capacities. (Am. Compl. ¶¶ 2-4.) A suit against a government officer in his or her official capacity is, in essence, a suit against the government. Kentucky v. Graham, 473 U.S. 159, 166-168 (1985). Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver. United States v. Mitchell, 463 U.S. 206, 212 (1983). Sovereign immunity deprives federal courts of jurisdiction over suits against the United States. Id.; United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000). Because Plaintiff's Bivens claims against Chertoff, Myers, and Decker in their official capacities are barred by sovereign immunity, the Court will dismiss those claims.

---

² 28 U.S.C. § 1361 provides as that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

### 2. Plaintiffs May Not Amend to Include Individual Capacity Claims Against Chertoff, Myers, and Decker

In their Opposition to Defendants' Motion to Dismiss, Plaintiffs request leave to amend their Amended Complaint in order to name Defendants Chertoff, Myers, and Decker in their individual capacities pursuant to the Bivens claim. Under Bivens, a plaintiff may sue a federal government official in his or her individual capacity. However, a government official may not be held liable in his or her individual capacity for the conduct of subordinates based on the theory of *respondeat superior.* Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009). "Because vicarious liability is inapplicable to Bivens . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.

In their Complaint or in their Opposition to the Motion to Dismiss, Plaintiffs have made no allegations that Chertoff, Myers, and Decker had any personal involvement in or knowledge of the alleged wrongful activity. The Court finds that amendment of the complaint to name the Moving Defendants in their individual capacities would be futile.

Plaintiffs request that this Court defer ruling on the Moving Defendants' Motion to Dismiss and permit Plaintiffs to conduct discovery on, *inter alia*, the training of ICE agents for conducting searches and seizures and the nature of supervisory oversight of the agents involved in the events that are the subject of this litigation. (See Pl.'s Opp'n 6.) Because there is no *respondeat superior* liability for Bivens claims, and because Plaintiffs make no allegations that the Moving Defendants were the direct supervisors of the Unidentified ICE Agent Defendants, the Court finds that the proposed discovery could not result in viable Bivens claims against the Moving Defendants in their individual capacities. Plaintiff's request to amend their Amended

Complaint to assert a Bivens claim against the Moving Defendants in their individual capacities will be denied.

### F. Plaintiffs May Not Amend to Include a Federal Tort Claims Act (FTCA) Claim

In opposing the Defendant's Motion to Dismiss, Plaintiffs request a leave to amend their Amended Complaint to include an intentional tort claim pursuant to § 2680(h) of the Federal Tort Claims Act. 28 U.S.C. 1346(b). In the FTCA, Congress waived immunity for certain tort claims against the United States and its agencies. See Lightfoot v. U.S., 564 F.3d 625, 628 (3d Cir. 2009). However, a claimant may not sue the United States unless the claimant has first presented the claim to the relevant federal agency and the claim has been finally denied. See 28 U.S.C. § 2675(a). Plaintiffs have not alleged that they properly exhausted their administrative remedies. Therefore, amendment would be futile because this Court does not have jurisdiction to review Plaintiffs' Federal Tort Claim. McNeil v. U.S., 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); 28 U.S.C. § 2675(a).

### G. Plaintiffs Must Show Cause Why The Unidentified ICE Agents Shall Not Be Dismissed for Lack of Proof of Service

Plaintiffs also named "Three Unidentified ICE Agents, Philadelphia Office" ("Unidentified Agents") as defendants in this matter. According to Rule 4(m) of the Federal Rules of Civil Procedure 4(m),"If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court upon – on motion or on its own initiative after notice to the plaintiff – must dismiss the action without prejudice as to that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiffs

filed their Amended Complaint in this matter on January 28, 2008.  They have not filed proof of service upon the Unidentified Agents.

Plaintiffs request discovery regarding the identities of the Unidentified Agents.  However, without proof of service, the Court shall not grant that discovery.  Plaintiffs shall have 30 days to show cause why any remaining claims against the Unidentified Agents shall not be dismissed for failure to show proof of service.

### VI.     Conclusion

For the reasons set forth above, this Court shall grant the Moving Defendants' motion to dismiss in its entirety and deny Plaintiffs' request to amend their Amended Complaint.  The Moving Defendants shall be terminated as parties to this matter.  Plaintiffs shall have thirty (30) days to show cause why their claims against the Unidentified Agents should not be dismissed.

An appropriate Order follows.